IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELMER BOUCHARD,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**EASTMAN CHEMICAL RESINS, INC.** )<br>)<br>Defendant. ) | 2:20cv1490<br>**Electronic Filing** |

## MEMORANDUM ORDER

AND NOW, this 15th day of February, 2024, upon due consideration of plaintiff's motion to compel full and complete answers and the parties' submissions in conjunction therewith, IT IS ORDERED that [54] the motion be, and the same hereby is, denied.

First, the mere indication that Guinn "consult[ed] with in-house counsel" prior to terminating plaintiff does not amount to placing in-house counsel's advise "at issue."  "The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication." Rhone-Poulenc Rorer Inc. v. Home Indemnity Co., 32 F.3d 851, 863 (3d Cir. 1994) (citing North River Insurance Company v. Philadelphia Reinsurance Corporation, 797 F. Supp. 363, 370 (D.N.J. 1992) and Pittston Company v. Allianz Insurance Co., 143 F.R.D. 66, 71 (D.N.J. 1992)). "Advice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant manner." Id.  Plaintiff has shown nothing more than the advice Guinn received from in-house counsel might have affected his belief as to whether plaintiff should have been terminated for the conduct in question.  Consequently, the record falls short of demonstrating that defendant has placed the advice of counsel at issue.

Second, the factual information Guinn conveyed in that setting is protected by attorney-client privilege. See Gillard v. AIG Ins. Co., 15 A.3d 44, 59 (Pa. 2011) ("We hold that, in Pennsylvania, the attorney-client privilege operates in a two-way fashion to protect confidential client-to-attorney or attorney-to-client communications made for the purpose of obtaining or providing professional legal advice."). Accordingly, plaintiff's attempt to fall back on the factual information raised by Guinn in communicating with in-house counsel is unavailing.

Finally, seeking relief pursuant to requests for production and/or notices of deposition that were served well before the close of discovery is untimely and good cause has not been shown to reopen discovery for probing Guinn's communications with counsel.[1]

        s/David Stewart Cercone
        David Stewart Cercone
        Senior United States District Judge

cc:    Jarrod Timothy Takah, Esquire
       Mary Chmura Conn, Esquire
       Paul A. Tershel, Esquire
       Sara M. Zeh, Esquire
       Jennifer G. Betts, Esquire
       Taylor E. Gillan, Esquire

       (*Via CM/ECF Electronic Mail*)

---

[1] Of course, this ruling is without prejudice to plaintiff revisiting this matter should defendant seek to advance the advice of counsel as one of the reasons it terminated plaintiff or otherwise place such communications at issue/open the door to this issue.